**IN THE UNITED STATES DISTRICT COURT DISTRICT OF KANSAS**
**KANSAS CITY, KANSAS**

| | |
|---|---|
| **DORLIA WILSON, As NEXT FRIEND** )<br>**minor child, W.B.** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**OTTAWA U.S.D. 290** )<br>**Please serve at:** )<br>1404 S. Ash St. )<br>Ottawa, KS 66067 )<br>)<br>**CHARLIE STOLTENBERG** )<br>in his individual capacity )<br>**Please serve at:** )<br>5928 SW 53rd St. )<br>Topeka, KS 66610 )<br>)<br>**PATRICE PEOPLES** )<br>in her individual capacity )<br>**Please serve at:** )<br>1404 S. Ash St. )<br>Ottawa, KS 66067 )<br>)<br>**HAROLD WINGERT** )<br>in his individual capacity )<br>**Please serve at:** )<br>1404 S. Ash St. )<br>Ottawa, KS 66067 )<br>)<br>**CHRIS CUNNINGHAM** )<br>in his individual capacity )<br>**Please serve at:** )<br>1404 S. Ash St. )<br>Ottawa, KS 66067 )<br>)<br>**JULIE DANDREO** )<br>in her individual capacity )<br>**Please serve at:** )<br>1404 S. Ash St. ) | Case No. 2:24-cv-02375-EFM-RES |

| | |
|---|---|
| Ottawa, KS 66067 | ) |
| | ) |
| **MALYDIA PAYNE** | ) |
| in her individual capacity | ) |
| **Please serve at:** | ) |
| 1404 S. Ash St. | ) |
| Ottawa, KS 66067 | ) |
| | ) |
| **GLENDY SPIGLE** | ) |
| in her individual capacity | ) |
| **Please serve at:** | ) |
| 1404 S. Ash St. | ) |
| Ottawa, KS 66067 | ) |
| | ) |
| **SUSAN WARD** | ) |
| in her individual capacity | ) |
| **Please serve at:** | ) |
| 1404 S. Ash St. | ) |
| Ottawa, KS 66067 | ) |
| | ) |
| **RYAN COBBS** | ) |
| in his individual capacity | ) |
| **Please serve at:** | ) |
| 1404 S. Ash St. | ) |
| Ottawa, KS 66067 | ) |
| | ) |
| **APRIL JARBOE** | ) |
| in her individual capacity | ) |
| **Please serve at:** | ) |
| 1404 S. Ash St. | ) |
| Ottawa, KS 66067 | ) |
| | ) |
| Defendants. | ) |

## **AMENDED COMPLAINT**

COMES NOW, Dorlia Wilson, on behalf of her minor child W.B. ("Plaintiff") by and through their counsel to seek redress for harm suffered as a result of the conduct of Defendant Ottawa School District and its agents: Ottawa Middle School Principal Charlie Stoltenberg, Ottawa

2

Assistant Principal Patrice Peoples, U.S.D. 290 School Board Members Harold Wingert, Chris Cunningham, Julie Dandreo, Malydia Payne, Glendy Spigle, and Susan Ward, U.S.D. 290 Superintendent Ryan Cobbs, and Ottawa Middle School counselor April Jarboe.

## PARTIES

1. Dorlia Wilson represents her minor child, W.B. ("W.B." or "Plaintiff") both of whom are residents of the State of Kansas.

2. Defendant Ottawa School District 290 ("Ottawa" or "School District") is a Kansas school district located at 1404 S. Ash St., Ottawa, Kansas 66067. Ottawa Middle School ("OMS") is a middle school of the Defendant School District. The School District is a governmental entity created to provide public education to children within its boundaries.

3. Ottawa acts through its employees and agents, all of whom were acting within their scope of employment and/or agency during the events described herein.

4. At all material times, Defendant Charlie Stoltenberg ("Stoltenberg") was an employee of Defendant Ottawa School District and is being sued in his individual capacity. At the time of filing, Stoltenberg is no longer an employee of Defendant Ottawa School District.

5. At all material times, Defendant Patrice Peoples ("Peoples") was an employee of Defendant Ottawa School District and is being sued in her individual capacity.

6. At all material times, Defendant Harold Wingert ("Wingert") was an employee of Defendant Ottawa School District and is being sued in his individual capacity.

7. At all material times, Defendant Chris Cunningham ("Cunningham") was an employee of Defendant Ottawa School District and is being sued in his individual capacity.

8. At all material times, Defendant Julie Dandreo ("Dandreo") was an employee of Defendant Ottawa School District and is being sued in her individual capacity.

9. At all material times, Defendant Malydia Payne ("Payne") was an employee of Defendant Ottawa School District and is being sued in her individual capacity.

10. At all material times, Defendant Glendy Spigle ("Spigle") was an employee of Defendant Ottawa School District and is being sued in her individual capacity.

11. At all material times, Defendant Susan Ward ("Ward") was an employee of Defendant Ottawa School District and is being sued in her individual capacity. At the time of filing, Ward is no longer a member of the U.S.D. 290 School Board.

12. At all material times, Defendant Ryan Cobbs ("Cobbs") was an employee of Defendant Ottawa School District and is being sued in his individual capacity.

13. At all material times, Defendant April Jarboe ("Jarboe") was an employee of Defendant Ottawa School District and is being sued in her individual capacity.

**JURISDICTION AND VENUE**

14. This case arises in part under 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, and the Equal Protection Clause of the Fourteenth Amendment. As such, Plaintiff has presented a federal question and the court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

15. This case also contains state law claims arising from a common nucleus of operative fact as those in Paragraphs 18 through 42. As such, this court can exercise supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1367.

16. On February 16, 2024, the Plaintiff served and filed a Notice of Claim pursuant to

K.S.A. 12-105b(d) that asserted claims against the Ottawa School District. On June 17, 2024, the Plaintiff's Notice of Claim was deemed denied by operation of K.S.A. 12-105b(d) in that 120 days had passed since the filing of the claim and in that the claim was not paid.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL COUNTS

18. W.B. was a student at OMS during the 2022-23 school year.

19. Prior to his enrollment at OMS, W.B. attended an elementary school in Ottawa where he was diagnosed with depression and anxiety after racially targeted bullying by other students. In 2018, this bullying escalated to the point district students encouraged W.B. to end his life, which he later attempted to do by hanging.

20. On December 18, 2020, W.B. was riding a bus to return home when other students pulled his hair and called him a "nigger". Plaintiff spoke to an OMS school counselor about the incident, but that date was the last W.B. rode the bus in the district.

21. In November 2021, Plaintiff made her first complaint of the racial bullying W.B. was facing to OMS.

22. In April 2022, Plaintiff made another documented complaint in an email sent to all members of the Ottawa School District and to Superintendent Dr. Ryan Cobbs.

23. During a February 10, 2022 visit with a therapist, W.B. and Plaintiff discussed racial bullying from other students at school, and Plaintiff mentioned she had reported the racial bullying to the school principal.

24. W.B.'s mental health diagnoses necessitated the implementation of a 504 plan for W.B.

A meeting was held on March 30, 2022 to discuss academic planning and the creation of W.B.'s 504 plan. The ongoing racial bullying was discussed at this meeting.

25. On April 25, 2022, in another visit with a therapist, W.B. and Plaintiff again discussed the racial bullying directed at W.B. from district students.

26. On April 27, 2022, Plaintiff mailed a form provided by District Finance Director Tracey Moerer to file an official complaint against superintendent Dr. Cobbs. It detailed the bullying W.B. and his older brother were facing in the district. She received no response.

27. On October 5, 2022, Plaintiff attended another 504 meeting for W.B. to discuss academic planning. Possible testing for an Individualized Education Plan was discussed, and Plaintiff made Defendant Stoltenberg, then principal of OMS, aware of the racial bullying directed at W.B. from September of 2021 through April of 2022.

28. On November 7, 2022, Plaintiff called OMS to report to the seventh grade counselor (name unknown) a racial bullying incident directed at W.B. during a district basketball game.

29. On December 12 through 15, 2022, W.B. refused to go to school because of racial bullying by specific students.

30. On December 16, 2022, W.B. was discovered at school to be in possession of a butterfly-type pocket knife. W.B. brought the knife to school to provide himself a means of self-defense against the student who racially bullied him a day prior. The two perpetrators of the incident were students F.S. and B.(LNU).

31. F.S. and B.(LNU) referred to W.B. in his presence as a "monkey" and as a "nigger."

32. Following this name calling, they told W.B. if he came back to school, "it would be worse".

33. After the knife was discovered, W.B. told an assistant principal and a counselor that he

6

feared for his life due to the racial bullying. The two told W.B. to talk to his English teacher, Ms. (FNU) Kelly, about the bullying.

34. From December 16, 2022 through January 12, 2023, the school suspended W.B. for bringing the knife to school.

35. In December 2022, Plaintiff made her most recent complaint of racial bullying to the district.

36. On January 9, 2023, a manifestation meeting was held prior to the conclusion of W.B.'s suspension.

37. On January 11, 2023, Plaintiff attended a special services meeting discussing W.B. splitting time between OMS and Engage. Engage is the district's alternative school that serves students with special needs and those with disciplinary concerns.

38. The plan for sending W.B. to Engage was to remove him from the racial bullying environment, and W.B. did not experience racial bullying while attending school at Engage.

39. On February 14, 2023, the school sent an email announcing policy changes to the school's rules on discrimination and racism.

40. In August of 2022 and through the last day of school in May 2023, Plaintiff and W.B. reported racial bullying by email, in person, and over the telephone to school counselor April Jarboe and assistant principal Patrice Peoples.

41. On May 4, 2023, W.B. left Plaintiff a voicemail from school saying he did not feel safe at school and wanted to report bullying.

42. Eventually, Plaintiff enrolled W.B. at a school in Oklahoma to escape the racial bullying.

**COUNT I**
**VIOLATION OF TITLE VI, 42 U.S.C. § 2000d et seq.,**

**(DEFENDANT OTTAWA SCHOOL DISTRICT)**

43. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 42 above as if fully set forth herein.

44. This Federal civil rights law prohibits discrimination on the basis of race, color, or national origin in programs or activities that receive federal financial assistance.

45. Defendant does and has received federal financial assistance and received such assistance throughout the period W.B. was a student.

46. Title VI prohibits racial discrimination against students at the School District.

47. Defendant provides educational programs and services to its students.

48. W.B.'s bullies severely, repeatedly and pervasively targeted him based on his race and racial identity by using racial slurs and epithets to harass W.B. on school grounds, facilities and at district-sponsored events.

49. W.B. was racially harassed at Ottawa.

50. W.B. was discriminated against on the basis of his race at Ottawa.

51. Defendant had ongoing, constructive and actual notice of the harassment and discrimination W.B. was facing from district students.

52. Defendant on only a handful of occasions responded to reports from either W.B. or Plaintiff about the discrimination, and the responses that were offered made no substantive effort to prevent or otherwise stop the discrimination.

53. Defendant did not respond promptly and effectively to address the racial discrimination and harassment W.B. endured.

54. The racial harassment and discrimination toward W.B. was so severe, pervasive and offensive that it effectively deprived him of access to educational benefits and/or opportunities provided by Defendant.

55. Defendant took no action to promptly investigate the harassment and bullying that occurred nor did it take appropriate steps to resolve the situation.

56. Defendant had the authority to take corrective measures to prevent and restrain racially charged harassment and bullying by district students and had actual and constructive notice such activity was taking place.

57. Defendant's lack of appropriate action, response, notice and verifiable reassurance completely deprived W.B. of the education and opportunities to which he is entitled to as a student.

58. Defendant ignored requests for intervention that were made on behalf of W.B.

59. Defendant acted with deliberate indifference by failing to enforce policies and by failing to protect W.B.

60. The acts, omissions, conduct and behavior of Defendant has caused W.B. to suffer anxiety, depression, embarrassment, and emotional pain and suffering.

61. Plaintiff is entitled to recover from Defendant her reasonable attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor against Defendant Ottawa School District for compensatory damages, for attorneys' fees, expert witness fees and litigation expenses pursuant to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable under the circumstances.

<u>**COUNT II**</u>
<u>**VIOLATION OF TITLE VI, 42 U.S.C. § 1983 et seq., FOR DENIAL OF W.B.'S SUBSTANTIVE RIGHTS AND EQUAL PROTECTION OF THE LAWS UNDER THE FOURTEENTH AMENDMENT – UNCONSTITUTIONAL POLICY, CUSTOM, AND PRACTICE**</u>
<u>**(ALL DEFENDANTS)**</u>

62. Plaintiff incorporates by reference the allegations contained in the Paragraphs 1 through 61 above as if fully set forth herein.

63. Defendant Ottawa is a municipality and political subdivision in the state of Kansas at all times relevant to this claim. Defendant Stoltenberg is an individual acting in his personal capacity. Defendants were acting under the color of state law.

64. Defendant Ottawa acted under the color of law through its employees, including the individual defendants in their personal capacities as employed by the School District in their deprivation of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution that provides equal protection under the law, as well as life, liberty and property.

65. Defendants had a duty to provide a safe learning environment free of racial harassment and discrimination in a manner that did not deprive any student of life, liberty, or property without due process of law; nor deny any student within its jurisdiction equal protection of the laws.

66. The contours of W.B.'s rights under the Fourteenth Amendment were clearly established at the times of the occurrence of the events that were material to this action.

67. A reasonable Defendant would have known about those rights.

68. Defendants had authority to act reasonably in response to Plaintiff and W.B.'s documented reports of racially charged bullying and harassment.

69. Defendants failed to adequately respond to known instances of racial harassment, racial discrimination and bullying.

70. Defendants' failure to adequately respond to the above-known instances reflects a deliberate indifference to the rights of Plaintiff.

71. Defendants' had a duty to respond to known instances of racial harassment and discrimination to not only protect W.B. from further undue harm, but also to prevent such harassment and discrimination by other students within their scope of authority and supervision.

72. Defendants' failure to correct this custom, usage, pattern, or practice represents a deliberate indifference to W.B.'s rights.

73. Defendants' failure was the actual and proximate cause of constitutional deprivations, racial harassment, racial discrimination and racial bullying against W.B.

74. As a direct and proximate result of Defendants' deliberate indifference to known acts of constitutional deprivation, Plaintiff suffered severe damages to his physical and emotional health and wellbeing. Damages include but are not limited to: denial of access to an education environment free from racial harassment and discrimination, pain and suffering, mental anguish, and loss of enjoyment of life as well as past, present, and future medical expenses related to such injuries and deprivation of Constitutional rights.

75. Defendants' actions and inactions were willful, wanton, malicious and in callous disregard for the rights of W.B. warranting an award of punitive damages.

76. Plaintiff is entitled to recover from Defendants her reasonable attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor against Defendants in excess of $75,000, for compensatory damages, for attorneys' fees and litigation expenses according to 42 U.S.C. § 1988(b), for taxable costs, for nontaxable costs, for expert witness fees, for deprivation of Constitutional rights and for such other and further relief as it deems fair and equitable under the circumstances.

### COUNT III
### NEGLIGENT SUPERVISION OF A SCHOOL ENVIRONMENT
### (ALL DEFENDANTS)

77. Plaintiff incorporates by reference the allegations contained in the Paragraphs 1 through 76 above as if fully set forth herein.

11

78. Defendants have a duty of reasonable care to protect students within their control and supervision.

79. The individual defendants, during all relevant times, were employees of Defendant Ottawa School District, a governmental entity, and were acting under authority of state law.

80. As mentioned above, Defendants were aware on numerous occasions of the severe and pervasive racial bullying and harassment W.B. was facing. Specific district policies on racial bullying were not followed and in fact were changed shortly after W.B.'s incident with the butterfly-style knife.

81. Plaintiff made Defendants aware of the bullying W.B. was facing on numerous occasions. On the rare occasion Plaintiff received a response, there was a purported promise to follow up on the information, but was never completed.

82. Defendants' breach of duty through their lack of follow through and attention toward this matter resulted in W.B. being racially harassed and discriminated against, resulting in the severe exacerbation of his documented mental health concerns.

83. Any attempt by Defendants to properly supervise and maintain a school environment free from racial harassment and discrimination may have mitigated damages suffered by W.B. No such attempt, however, took place.

84. As a direct and proximate result of Defendants' negligence in maintaining and supervising a school environment free from racial harassment and discrimination, Plaintiff suffered severe damages to his physical and emotional health and wellbeing. Damages include but are not limited to: denial of access to an education environment free from racial harassment

and discrimination, pain and suffering, mental anguish, and loss of enjoyment of life as well as past, present, and future medical expenses related to such injuries.

WHEREFORE, Plaintiff prays for judgment against Defendants in excess of $75,000, for compensatory damages, including monetary losses, emotional pain and suffering, loss of enjoyment of life and other non-monetary losses, for punitive damages on the individual defendants pursuant to K.S.A. 75-6109, equitable relief, including the value of fringe benefits, for costs, reasonable attorneys' fees and expert fees and expenses, pre-judgment and post-judgment interest, and for any other relief the court deems just and proper.

### DEMAND AND DESIGNATION FOR JURY TRIAL

Demand is hereby made for trial by jury in this case in Kansas City, Kansas.

Date: December 20, 2024.

Respectfully submitted,

**GRISSOM MILLER LAW FIRM, LLC**

/s/ Conner Mitchell
Barry R. Grissom, KS #10866
Jacob D. Miller, # 78954
Conner Mitchell, # 79215
Grissom Miller Law Firm, LLC
1600 Genessee Street, Suite 460
Kansas City, MO 64102
Office: 816-336-1213
barry@grissommiller.com
jake@grissommiller.com
cam@grissommiller.com

                                      **LICKTEIG LAW FIRM, LLC**

                                      <u>/s/ Theodore J. Lickteig</u>
                                      Theodore J. Lickteig, KS #12977
                                      Lickteig Law Firm, LLC
                                      12760 W 87th Street, Suite 112
                                      Lenexa, KS 66215
                                      Office: 913-894-1090
                                      ted@lickteiglaw.com