## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DORLIA WILSON, AS NEXT       )
FRIEND MINOR CHILD, W.B.,      )
                               )
            Plaintiffs,   )
                               )     **Case No. 2:24-cv-02375-EFM-RES**
v.                            )
                               )
OTTAWA U.S.D. 290, ET AL.,      )
                               )
            Defendants.  )

## ANSWER OF DEFENDANT OTTAWA U.S.D. 290

Defendant, Ottawa U.S.D. 290, answers Plaintiff's Amended Complaint as follows:

1.      All allegations of the Complaint not expressly admitted herein are denied.

2.      The Defendant admits the statements and allegations in Paragraphs 1-2, 4-13, 18, 34, 36, 37 and 39.

3.      In response to Paragraph 3, Defendant admits Ottawa acts through its employees or agents and that the individual Defendants were employees or agents of Ottawa and acting within the scope of their employment or agency during the relevant period, but Defendant denies the remaining statement and allegations.

4.      Paragraphs 14, 15, 17 state a legal conclusion to which no response is required. To the extent any allegations require a response, they are denied.

5.      In response to Paragraph 16, Defendant admits on or about February 20, 2024 Plaintiff's counsel sent letter along with a purported notice of claim to U.S.D. 290's Board Clerk. Further answering, the remaining allegations state a legal conclusion to which no response is required and to the extent any allegations require a response, they are denied.

{O0386599}

6.      In response to Paragraph 19, Defendant admits W.B. attended an elementary school in Ottawa, but Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations and, therefore, denies the same.

7.      In response to Paragraph 20, Defendant lacks knowledge or information sufficient to admit or deny the allegations and, therefore, denies the same.

8.      In response to Paragraph 21, Defendant admits Plaintiff reported W.B. was bullied by another student, but denies the remaining allegations.

9.      In response to Paragraph 22, Defendant admits Plaintiff sent an email to members of the Ottawa School District and to Superintendent Dr. Ryan Cobbs, but denies the remaining allegations.

10.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraphs 23, 25, 29, 31, 32, 35, 38, 41, 42 and, therefore, denies the same.

11.     In response to Paragraph 24, Defendant admits a 504 plan was implemented for W.B., but lacks knowledge or information sufficient to admit or deny the remaining allegations and, therefore, denies the same.

12.     In response to Paragraph 26, Defendant denies a formal complaint was ever filed with Tracey Moerer at this time, but lacks knowledge or information sufficient to admit or deny the remaining allegations and, therefore, denies the same.

13.     In response to Paragraph 27, Defendant admits a 504 meeting occurred with Plaintiff on October 5, 2022 to address W.B.'s school performance, but denies the remaining statements and allegations.

14.    In response to Paragraph 28, Defendant admits Plaintiff reported bullying incidents against W.B. by another student had occurred during basketball games, but denies the remaining allegations.

15.    In response to Paragraph 30, Defendant admits W.B. was discovered at school to be in possession of a butterfly-type pocket knife, but lacks knowledge or information sufficient to admit or deny the remaining allegations and, therefore, denies the same.

16.    In response to Paragraph 40, Defendant admits Plaintiff reported bullying on at least two occasions, but denies the remaining allegations.

**COUNT I**
**VIOLATION OF TITLE VI, 42 U.S.C. § 2000d et seq.,**
**(DEFENDANT OTTAWA SCHOOL DISTRICT**

17.    In response to Paragraph 43, Defendant admits that Plaintiff purports to incorporate by reference the allegations of Paragraphs 1-42 and incorporates by references its responses to those paragraphs as though fully set forth herein.

18.    Paragraph 44 states a legal conclusion to which no response is required and to the extent any allegations require a response, they are denied.

19.    Paragraph 45 is admitted.

20.    Paragraph 46 states a legal conclusion to which no response is required and to the extent any allegations require a response, they are denied

21.    Paragraph 47 is admitted.

22.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraphs 48-50 and, therefore, denies the same.

23.    Paragraphs 51, 52, 53, are denied.

24.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 54 and, therefore, denies the same.

25.    Paragraphs 55-60 are denied.

26.    Paragraph 61 states a legal conclusion to which no response is required and to the extent any allegations require a response, they are denied.

27.    In response to Plaintiff's prayer for relief to Count I, Defendant denies Plaintiff is entitled to the relief requested.

**COUNT II**
**VIOLATION OF TITLE VI, 42 U.S.C. § 1983 et seq., FOR DENIAL OF W.B.'S**
**SUBSTANTIVE RIGHTS AND EQUAL PROTECTION OF THE LAWS UNDER THE**
**FOURTEENTH AMENDMENT – UNCONSTITUTIONAL POLICY, CUSTOM, AND**
**PRACTICE**
**(ALL DEFENDANTS)**

28.    In response to Paragraph 62, Defendant admits that Plaintiff purports to incorporate by reference the allegations of Paragraphs 1-61 and incorporates by references its responses to those paragraphs as though fully set forth herein.

29.    Paragraph 63 is admitted.

30.    Paragraph 64 is denied.

31.    Paragraphs 65, 66 and 67 state legal conclusions to which no response is required and to the extent any allegations require a response, they are denied.

32.    In response to Paragraph 68, Defendant denies the allegations, including any implication that Defendant or any individual Defendant had authority, responsibility or a duty to act in the manner alleged, and further state that the allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

33.    Paragraphs 69 and 70 are denied.

34.     Paragraph 71 states a legal conclusion to which no response is required and to the extent any allegations require a response, they are denied.

35.     Paragraphs 72-75 are denied.

36.     Paragraph 76 states a legal conclusion to which no response is required and to the extent any allegations require a response, they are denied.

37.     In response to Plaintiff's prayer for relief to Count II, Defendant denies Plaintiff is entitled to the relief requested.

## COUNT III
## NEGLIGENT SUPERVISION OF A SCHOOL ENVIRONMENT
## (ALL DEFENDANTS)

38.     In response to Paragraph 77, Defendant admits that Plaintiff purports to incorporate by reference the allegations of Paragraphs 1-76 and incorporates by references its responses to those paragraphs as though fully set forth herein.

39.     Paragraph 78 states a legal conclusion to which no response is required and to the extent any allegations require a response, they are denied.

40.     Paragraph 79 is admitted.

41.     Paragraphs 80-84 are denied.

42.     In response to Plaintiff's prayer for relief to Count III, Defendant denies Plaintiff is entitled to the relief requested.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

43.     Plaintiff's Amended Complaint fails to state a claim on which relief could be granted.

44.     Defendant denies engaging in wrongdoing or unlawful conduct of any kind and deny that Plaintiff is entitled to any legal or equitable relief.

45.     Any actions taken by the Defendant or any individual Defendant did not constitute a willful violation of the law.

46.     Plaintiff fails to state a *Monell* claim against Ottawa U.S.D. 290.

47.     Any alleged discrimination, which is specifically denied, was not within any funded program or activity.

48.     Defendant had no actual or constructive notice of the racial discrimination alleged.

49.     Individual Defendants did not personally participate in any purported constitutional violations capable of supporting any of Plaintiff's claims.

50.     Plaintiff's notice of claim fails to comply with K.S.A. 12-105b depriving this court of jurisdiction over Plaintiff's state law claims.

51.     Defendant did not owe Plaintiff a duty as a matter of law.

52.     Plaintiff is not entitled to punitive damages against Ottawa U.S.D. 290

53.     Defendant reserves the right to assert that Plaintiff has failed to mitigate damages.

54.     Defendant denies that its conduct caused Plaintiff any damages, and further deny causation, the nature, and the extent of Plaintiff's claimed damages.

55.     Defendant reserves the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to them.

WHEREFORE, based on the foregoing, Defendant Ottawa U.S.D. 290 respectfully prays to be henceforth dismissed, awarded costs and expenses herein incurred and expended, together with such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


 /s/Alex S. Gilmore
Andrew D. Holder                      KS #25456
Alex S. Gilmore                       KS #27334
9393 W. 110th St., Suite 300
Overland Park, Kansas 66210
(913) 339-6757; Fax: (913) 660-7919
AHolder@FPSSLaw.com
AGilmore@FPSSLaw.com
**ATTORNEYS FOR DEFENDANTS**


## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 13, 2025, I electronically filed the foregoing with the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to:

Barry R. Grissom
Jacob D. Miller
GRISSOM MILLER LAW FIRM, LLC
1600 Genessee St., Suite 460
(816) 336-1213
barry@grissommiller.com
jake@grissommiller.com

Theodore J. Lickteig
LICKTEIG LAW FIRM, LLC
12760 W 87th St. Suite 112
Lenexa, KS 66215
(913) 894-1090
ted@lickteiglaw.com

ATTORNEYS FOR PLAINTIFF


 /s/Alex S. Gilmore
Alex S. Gilmore