## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DORLIA WILSON, AS NEXT** ) | |
| **FRIEND TO MINOR CHILD W.B.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 2:24-cv-02375-EFM-RES** |
| **v.** ) | |
| ) | |
| **OTTAWA U.S.D. 290, ET AL,** ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION
### TO DEFENDANTS' MOTION TO STAY DISCOVERY

This district's longstanding policy is not to stay discovery simply because a dispositive motion in pending. *See Kehler v.* Ward, 2022 WL 6993001 (D. Kan. October 12, 2022); *see also Wolf v. United States,* 157 F.R.D. 494, 495 (D. Kan. 1994). Further, this district has long acknowledged Tenth Circuit case law stating "the right to proceed in court should not be denied except under the most extreme circumstances. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983); *see also Cox v. Zmuda,* 2023 WL 5152498 (D. Kan. Aug. 10, 2023).

Yet that right is exactly the one which Defendants seek to strip from Plaintiff in the present Motion to Stay Discovery (ECF 51). While Plaintiff acknowledges and agrees with Defendants' statement of the case law which addresses this Court being divested of jurisdiction over the issues now pending on interlocutory appeal to the Tenth Circuit, this does not mean a stay of all discovery proceedings is appropriate in this matter.

The Motion to Stay Discovery should be denied**.**

### *The Factors this Court Should Consider in Staying Discovery*
### <u>*Do Not Weigh in Favor of Defendants*</u>

As Defendants state, and Plaintiff agrees, this Court has broad discretion to stay proceedings, *see Clinton v. Jones*, 520 U.S. 681, 706 (1997). The factors which this district typically weighs when deciding a motion to stay proceedings are also well established: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Miracle v. Husch*, 2025 WL 1262467 (D. Kan. April 30, 2025) (internal citations omitted).

Defendants' argument, though it acknowledges the interlocutory appeal does not implicate all counts at issue in the present case, appears to be that all discovery should be stayed until the appealed issue of qualified immunity is resolved anyway. However, it asserts only conclusory statements — no case law or other authority — as to how any of the five factors, *supra*, actually weigh in their favor.[1]  And in fact, the strongest statement Defendant makes when evaluating the appropriateness of a stay is ironically its concession that such a stay may prejudice Plaintiff in her ability to proceed expeditiously with her action.

In *Miracle*, this Court held that a stay of discovery proceedings was appropriate because of "substantial cross-over" between the official and individual capacity claims at issue, making the claims "significantly intertwined." *Miracle*, 2025 WL 1262467 at 5*. But there, the only claims at

---

[1] "… the parties should, to the extent possible, avoid duplicative or bifurcated discovery and separate trials…" (ECF 51, p. 3); "There is no question proceeding with discovery would be burdensome to Defendants." *Id.;* "Requiring Defendants to participate in any discovery until the threshold issue of immunity is resolved would be wasteful and burdensome." (ECF 51, p. 4).

This Court rejected an argument regarding prejudice to a plaintiff when their stated concerns were in the form of conclusory statements "not supported by any details." *Joritz v. University of Kansas, et al,* 2019 WL 2207951 (D. Kan. May 22, 2019).

issue were federal civil rights violations under 42 U.S.C. §§ 1983 and 1985. Here, this Court retains jurisdiction over claims against Defendant Ottawa USD 290 for a violation of Title VI, as well as a state law negligence claim against all Defendants. The Tenth Circuit has stressed that a stay of discovery is appropriate especially in such cases where the divestiture of jurisdiction brought about by a defendant filing an interlocutory appeal is "virtually complete" ("… leaving the district court with jurisdiction **only over peripheral matters** unrelated to the disputed right not to have [to] defend the prosecution or action at trial" *Stewart v. Donges,* 915 F.2d 572, 575-76 (10th Cir. 1990) (emphasis added). Here, as stated, this Court retains jurisdiction over claims central to the case at issue that will not be impacted by how the interlocutory appeal is ultimately decided.

While each claim in the case indeed operates from the same common nucleus of operative fact, the claims not on interlocutory appeal plainly are not impacted by the adjudication of that appeal. In other words, Plaintiff can still proceed on Count I and Count III regardless of how the Tenth Circuit decides on the issue of qualified immunity as applied to Count II, and should be allowed to conduct discovery on those counts while the appeal process unfolds. The public policy underpinning the entire progeny of case law on staying discovery pending an interlocutory appeal related to qualified immunity stems from *Harlow v. Fitzgerald*, 457 U.S. 800; 102 S. Ct. 2727 (1982). "… public policy at least mandates an application of the qualified immunity standard that would **permit the defeat of insubstantial claims without resort to trial**." *Id.* at 813, 2737 (emphasis added). That policy is not impacted here.

The appealing defendants will not be dismissed regardless of whether the interlocutory appeal determines they have a right to qualified immunity for Count II. That is because all of the Defendants, including the individuals, are named as Defendants in Count III. That claim is the state law tort claim. (ECF 37 at 11) The Plaintiff's position on this point does not disturb Tench

Circuit case law. "Thus, when an interlocutory appeal is taken, the district court retains jurisdiction to proceed with matters not involved in that appeal." *Garcia v. Burlington Northern Railroad Company*, 818 F.2d 713, 721 (10th Cir. 1987).

The Defendants' case citations did not involve cases with claims that were not impacted by an interlocutory appeal with pending state law claims not appealed. See, *Davis v. Matagorda County*, No. 18-188, 2019 WL 1924532 *`1 (S.D. Tex. April 30, 2019 (plaintiff pleaded Section 1981, 1983 and Constitutional claims only; no state law claims pleaded); *F.D.I.C. v. Renda*, No. 85-2216, 1987 WL 348635 *1 (D. Kan. 1987 Aug. 6, 1987) (motion for stay based on parallel criminal proceedings; both federal and state law claims pleaded); and *Kramer v. Textron Aviation, Inc.,* No. 20-2341, 2021 WL 4902249 *1 (D. Kan. Oct. 21, 2021) (plaintiff pleaded only state law claims).

Defendants' Motion should be denied.

## CONCLUSION

With the passage of time, witness memories tend to fade and physical evidence tends to be misplaced or forgotten. A stay would enhance the probability of those phenomena occurring. For the reasons stated herein, Defendant's Motion to Stay Discovery should be denied and Plaintiff should be permitted to proceed with discovery on the counts which remain with this Court.

Respectfully submitted,

**GRISSOM MILLER LAW FIRM, LLC**

*/s/ Conner Mitchell*
Barry R. Grissom, #10866
Conner Mitchell, # 79215
Jacob D. Miller, # 78954
Grissom Miller Law Firm, LLC
1600 Genessee Street, Suite 460

4

Kansas City, MO 64102
Office: 816-336-1213
Fax: 816-384-1623
barry@grissommiller.com
cam@grissommiller.com
jake@grissommiller.com


**LICKTEIG LAW FIRM, LLC**

*/s/ Theodore J. Lickteig*
Theodore J. Lickteig, #12977
Lickteig Law Firm, LLC
12760 W 87th Street, Suite 112
Lenexa, KS 66215
Office: 913-894-1090
ted@lickteiglaw.com


## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the foregoing was filed on this 2nd day of September, 2025, with the Court's CM/ECF system, thereby providing service to all counsel of record.

*/s/ Conner Mitchell*