UNITED STATES DISTRICT COURT24
FOR THE DISTRICT OF KANSAS

**DORLIA WILSON, AS NEXT OF FRIEND TO MINOR, W.B.**,

Plaintiff,

v.

**USD 290 OTTAWA ET AL.,**

Defendants.

Case No. 24-cv-02375-EFM-RES

## ORDER

This matter comes before the Court on Defendants' Motion to Stay Discovery. ECF No. 51. Defendants seek to stay "all discovery and any other related pretrial proceedings in this case until the Tenth Circuit rules on the individual Defendants' interlocutory appeal from the Court's Memorandum and Order . . . denying the individual Defendants qualified immunity." ECF No. 51 at 1. Plaintiff filed a memorandum in opposition and Defendants filed a reply. ECF Nos. 55-56. For the reasons set forth below, the Motion is granted.

## I.      Background

Plaintiff filed her lawsuit on August 21, 2024, against Ottawa U.S.D. 290 (the "Ottawa school district") and a series of individuals affiliated with the school district, who were sued in their individual and official capacities. *See generally* ECF No. 1. On December 23, 2024, after Defendants filed a partial motion to dismiss, she filed an Amended Complaint, which sues these same Defendants but sues the individual Defendants in their individual capacities only. ECF No. 37. The Ottawa school district is named in all three Counts: Count 1, Violation of 42 U.S.C. §

2000d; Count II, Violation of 42 U.S.C. § 1983; and Count III, Negligent Supervision of a School Environment. *Id.* The individual Defendants are named only in Counts II and III. *Id.*

On January 6, 2025, all Defendants filed another partial motion to dismiss. ECF No. 38. On July 30, 2024, the Court entered a Memorandum and Order granting in part and denying in part the motion to dismiss. ECF No. 45 at 12 ("The Court denies dismissal of Count II's deliberate indifference claims against the individual Defendants and Count III. The Court grants dismissal of Count II's substantive due process and racial discrimination claims against the individual Defendants and all of Count II's *Monell* claims against the District.").

On August 13, 2025, the Ottawa school district filed an answer to the Amended Complaint. ECF No. 47. That same day, the individual Defendants filed a Notice of Appeal "from the Memorandum and Order [ECF No. 45] regarding their Partial Motion to Dismiss [ECF No. 38], entered on July 30, 2025[,] denying Defendants qualified immunity." ECF No. 48. On August 26, 2025, all Defendants filed the present Motion. ECF No. 51.

## II.    Analysis

### A.    Legal Standard

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." (quotation omitted)). Judges in this District often evaluate five factors in determining whether to exercise their broad discretion to stay a case:

> (1) [the opposing party's] interests in proceeding expeditiously with the action and the potential prejudice to [the opposing party] of a delay; (2) the burden on [the moving party]; (3) the convenience to

2

the court; (4) the interests of persons not parties to the litigation; and (5) the public interest.

*Spears v. Mid-Am. Waffles, Inc.*, No. 11-2273-CM, 2012 WL 12837278, at *2 (D. Kan. Mar. 8, 2012) (applying the above factors to determine whether to stay a case as to certain codefendants after another defendant was subject to a bankruptcy stay). Because of the unique issues related to the interlocutory appeal, the Court begins with the impact of the interlocutory appeal and then addresses each factor above with regard to the claims and parties outside of that appeal.

### B.    Claims Involved in the Interlocutory Appeal

The individual Defendants' interlocutory appeal is pending. *See Wilson v. Stoltenberg*, No. 25-3139 (10th Cir.). "[W]hen an interlocutory appeal is filed, the district court is divested of jurisdiction over matters involved in the appeal." *Joritz v. University of Kan.*, No. 17-4002-SAC, 2019 WL 2207951, at *1 (D. Kan. May 22, 2019) (citing *Walker v. City of Orem*, 451 F.3d 1139, 1146 (10th Cir. 2006)). "[T]he filing of a notice of appeal 'is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Dalton v. Town of Silver City ex rel. Silver City Police Dep't*, No. CV 17-1143 WJ/GJF, 2019 WL 1428363, at *3 (D.N.M. Mar. 29, 2019) (quoting *Stewart v. Donges*, 915 F.2d 527, 575 (10th Cir. 1990)); *see also Stewart*, 915 F.2d at 576 ("[A]n interlocutory appeal from an order refusing to dismiss [the entire action] on . . . qualified immunity grounds relates to the entire action and, therefore, it divests the district court of jurisdiction to proceed with any part of the action against an appealing defendant.").

Plaintiff does not dispute that the Court has lost jurisdiction over the issues now on appeal from the individual Defendants, meaning that discovery cannot proceed against those Defendants on those issues at this time. ECF No. 55 at 1 ("While Plaintiff acknowledges and agrees with Defendants' statement of the case law which addresses this Court being divested of jurisdiction

3

over the issues now pending on interlocutory appeal to the Tenth Circuit, this does not mean a stay of all discovery proceedings is appropriate in this matter."). Therefore, to the extent the Motion seeks to stay discovery related to these claims, this request is moot.

### C. Remaining Claims and Parties

In light of the interlocutory appeal, the only issue before the Court is whether discovery should proceed with regard to the Ottawa school district generally and Count III against all Defendants. *Id.* at 3 ("The appealing defendants will not be dismissed regardless of whether the interlocutory appeal determines they have a right to qualified immunity for Count II. That is because all of the Defendants, including the individuals, are named as Defendants in Count III. That claim is the state law tort claim."). The Court addresses each of the five factors typically evaluated when analyzing a motion to stay.

*First*, "it is well-established that plaintiffs have a strong interest in moving their claims toward a resolution." *Spears*, 2012 WL 12837278, at *2. Plaintiff argues as much, stating "[w]ith the passage of time, witness memories tend to fade and physical evidence tends to be misplaced or forgotten. A stay would enhance the probability of those phenomena occurring." ECF No. 55 at 4. The Court finds that the first factor weighs against a stay.

*Second*, Defendants contend that proceeding with discovery before the appeal is resolved would be "wasteful and burdensome." ECF No. 51 at 4. Defendants argue that "[p]roceeding with discovery under these circumstances is not simply inefficient; it is impractical, if not impossible. Discovery directed at the federal claims against the District or state-law claims against all Defendants cannot realistically be separated from discovery into the same facts and circumstances that are central to the qualified-immunity appeal." ECF No. 56 at 1. Defendants contend "[t]here

4

is substantial, if not identical, factual crossover between the claims on appeal and those left before this Court." *Id*. at 2.

The Court agrees.  Plaintiff's case arises under "42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, and the Equal Protection Clause of the Fourteenth Amendment."  ECF No. 37 at 4.  The case also involves "state law claims arising from a common nucleus of operative fact," namely "negligent supervision of a school environment." *Id*. at 4, 11.  There is no dispute between the parties that all claims in this action are derived from "the same common nucleus of operative fact[.]"  ECF No. 55 at 3; *see also* ECF No. 56 at 1 ("Plaintiff expressly admits that there is 'the same common nucleus of operative fact' across her claims.").  Because the facts and claims in this case are so closely related, the Court finds that discovery relating to the different causes of action in this case will be substantially intertwined, involving the same people and seeking information on the same events.  Proceeding with any discovery now necessarily means that discovery will be bifurcated, which is burdensome on Defendants.  As judges in this District routinely find, bifurcated discovery as to certain claims or parties is "a wholly inefficient alternative and inconsistent with the directive and spirit of Federal Rule of Civil Procedure 1." *Toney v. Harrod*, No. 15-CV-3209-EFM-TJJ, 2018 WL 5830398, at *2 (D. Kan. Nov. 7, 2018) (staying all discovery, even as to a non-moving defendant).[1]  This factor weighs strongly in favor of a stay.

*Third*, the Court finds that convenience to the Court weighs in favor of a stay.  There Court acknowledges that there are claims and one Defendant that are not impacted by the appeal.  But if

---

[1]     *See also Williams v. Zmuda,* No. 20-3277-JWB-GEB, 2021 WL 5371498, at *5 (D. Kan. Nov. 17, 2021) (staying discovery as to all parties and explaining that if discovery were stayed as to only those invoking an immunity defense via a dispositive motion, it could prove necessary for those defendants to participate in discovery so that it did not develop in a way to prejudice their position, in which case they would not be free from the burdens of discovery); *Hoedel v. Kirk*, No. 19-2443-HLT, 2020 WL 3892965, at *3 (D. Kan. July 10, 2020) ("Courts in this district have found bifurcated discovery to be inefficient, impractical, and prejudicial.").

discovery were to begin with the Ottawa school district and the claims against the individual Defendants that are not involved in the appeal, this necessarily would require the Court to enter separate scheduling orders and oversee two phases of discovery.  As another judge in this District stated when faced with a similar circumstance, "[a]lthough the court retains jurisdiction over [KU], who has not appealed, it would make little sense to bifurcate discovery into two phases—an initial phase involving the defendant who has not appealed, then a second phase involving only discovery with the defendants who appealed. . . . It will be more efficient for the parties to conduct discovery surrounding each of those incidents collectively, rather than in a piecemeal, segmented fashion." *Joritz,* 2019 WL 2207951, at *1 (internal quotations omitted).  The same is true here and this factor weighs strongly in favor of a stay.

*Finally,* the Court finds the fourth and fifth factors are neutral.  No party has identified any third parties who have a specific interest in the outcome of this litigation.  And while the public has a general interest in the prompt resolution of pending litigation, no party has identified a specific public interest that is impacted by a delay in this litigation pending the resolution of the appeal.

On balance, and in an exercise of the Court's discretion, the Court grants the Motion to Stay.  All discovery and related pretrial proceedings are stayed until the individual Defendants' interlocutory appeal is decided by the Tenth Circuit.

**IT IS THEREFORE ORDERED** that the Motion to Stay, ECF No. 51, is **GRANTED**. All discovery and related pretrial proceedings are stayed pending the resolution of the individual Defendants' interlocutory appeal.  Additionally, the Court continues to find good cause to delay the issuance of a scheduling order.  The Court will reset the deadlines set forth in the Initial Order

Regarding Planning and Scheduling, as appropriate, after the interlocutory appeal is decided by the Tenth Circuit.

**IT IS SO ORDERED.**

Dated: September 15, 2025, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge